# Richmond

## Advance Specialty Company, Inc. v. B. T. Smith, Receiver, etc.

June 9, 1947.

Record No. 3197.

Present, Holt, C. J., and Hudgins, Gregory, Browning, Eggleston and Buchanan, JJ.

The opinion states the case.

*Thomas J. Surface*, for the appellant.

*Caskie, Frost & Watts; Andrew S. Coxe*, and *Woods, Rogers, Muse & Walker*, for the appellees.

Holt, C. J., delivered the opinion of the court.

The Travelodge Corporation is a Virginia corporation with its factory and place of business in Lynchburg. A. D. Thomas, who was its president, committed suicide on July 28, 1944. It is insolvent and on September 12, 1944, B. T. Smith was appointed its receiver. Before his appointment, he kept its books, handled its accounts, and made up its tax returns, etc.

The Skyline Lumber Company is also a Virginia corporation with its factory and principal office at Roanoke. H. C. Holesapple is its president.

The Advance Specialty Company is a Pennsylvania corporation with its factory and principal office in Philadelphia. Joseph D. Kevorkian is its executive vice-president and general manager.

Mr. Thomas was not only president but was practically the owner of the Travelodge Corporation. He designed a bottle carrier with wood partitions, but due to scarcity of material, wire partitions were substituted and were secured from the Advance Specialty Company. The Travelodge Corporation placed the actual making of these bottle carrier crates with the Skyline Lumber Company. Out of the proceeds of sale, the Skyline Lumber Company was to be paid all the costs incurred in their manufacture. Whatever was left was to be turned over to the Travelodge Corporation.

There is now left in the hands of the Skyline Lumber Company $320.00, which is the amount charged by the Advance Specialty Company for its wire partitions. Both that company and the Travelodge Company lay claim to it, and the Skyline Corporation, to be safe, has filed this bill of interpleader.

The jurisdiction of this court is challenged. It is said that if there be deducted from this $320.00 charges which this stakeholder has a right to make, less than $300.00 would remain. But since we reach the same results, it seems best to decide the cause upon its merits.

Plainly negotiations which induced the Advance Specialty Company to ship these wire partitions to the Skyline Lumber

Company were initiated by the Travelodge Corporation. The correspondence shows this.

Under date of July 22, 1944, Advance Specialty Company mailed to the Skyline Lumber Company an invoice for the 5,000 separators.

The Skyline Lumber Company disposed of this item in this wise:

"July 26, 1944

"Advance Specialty Co., Inc.
 1021 Ridge Avenue
· Philadelphia, Pa.

"Gentlemen:

"We are returning your invoice dated July 22nd for 5,000 wire separators as this is not supposed to be invoiced· to us. We are going to build some crates for the Travelodge Corporation, but have nothing to do with the separators except to install them.

"Since they are furnishing us this item, it should naturally be billed to them.

"Very truly yours,

"SKYLINE LUMBER CO., INC."

On August 11, 1944, the Skyline Company wrote to the Specialty Company, saying:

"You will recall that you first billed these partitions to us. However, we did not order them, and did not want them left on our hands in case they did not work satisfactorily, so therefore, we returned the bill asking that you send the bill to Travelodge, the party who ordered them."

We find that on August 14, 1944, the Advance Specialty Company wrote to the Skyline Lumber Company, saying in part:

"We are in receipt of your favor of August 11th, regarding shipment of partitions, in your possession, ordered by the Travelodge Corporation of Lynchburg."

On August 17, 1944, we again find the shipper saying to the maker:

"We still feel that we are entitled to payment on the 2500 separators shipped you through the Travelodge Corporation * * * "

On September 5, 1944, the shipper again said to the maker:

"It certainly is beyond us to see why the receiver of the Travelodge Corporation would not consent to the payment of the cost of separators that we shipped you on their order, * * * "

This record evidence is supported by the deposition of Mr. Smith and by the deposition of Page D. Gravett, secretary of the Skyline Lumber Company.

Mr. Kevorkin says that his company had already had a check of the Travelodge Corporation for $6.40, payable to his company, returned because of insufficient funds and that the agreement with Thomas was that the title to the money would not under any circumstances vest in or go to Travelodge. The written record is against him. The Travelodge Corporation is insolvent, and we can well understand the reluctance of the Advance Specialty Company to look to it for payment. That situation is to be regretted, but it cannot be helped.

There has been no fraud and no mistake, except such as is common to those who extend credit to one who turns out to be insolvent.

This $320.00 should be paid to the Travelodge Corporation or rather to B. T. Smith, its receiver.

The decree of the trial court must be affirmed, and it is so ordered.

*Affirmed.*